United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-20463
Summary Calendar

GERALD CREDEUR; LINDA CREDEUR,

Plaintiffs-Appellants,

versus

MJ OIL INC., doing business as TransTexas Gas Corp., ET AL.;

Defendants,

NABORS DRILLING USA, INC.; TRANS TEXAS GAS CORP.

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(4:01-CV-1377)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerald and Linda Credeur (Credeur) appeal the summary judgment against their claims against TransTexas Gas Corporation and Nabors Drilling U.S.A., Inc. Credeur contends TransTexas and Nabors do not fall within the protections of Chapter 95 of the Texas Civil Practices and Remedies Code (Chapter 95) and are liable under theories of common law premises liability and gross negligence for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mr. Credeur's injuries. Alternatively, Credeur maintains that, if TransTexas and Nabors *are* eligible for Chapter 95 protection, Credeur nonetheless meets the requirements for imposition of liability under that statute.

TransTexas owned and operated an oil and gas well in Texas; it contracted with Nabors to drill the well. TransTexas also contracted with Newpark Drilling Fluids to perform certain services on the well, including mud filtration. Mr. Credeur was employed by Newpark and was responsible for operating and maintaining the Newpark equipment on the well. That equipment was located next to mud tanks owned by Nabors. Mr. Credeur was injured when he partially fell through a grating hatch accessing Nabors' mud tank, after stepping from a mud cleaner located above the mud tanks onto a step positioned on top of the hatch. Credeur claims the grating hatch hinges failed. Credeur brought claims against TransTexas and Nabors to recover for personal injuries.

TransTexas and Nabors moved for summary judgment, claiming: Chapter 95 provides Credeur's exclusive remedy and precludes his common-law negligence claims; Credeur cannot meet the statutory elements of premises liability under Chapter 95; Credeur cannot establish a common law premises liability claim; and Credeur's gross negligence claim fails because there is no evidence of conscious disregard for Mr. Credeur's safety. In granting summary judgment, the district court ruled: Chapter 95 provides Credeur's

2

exclusive remedy; and Credeur did not establish TransTexas' and Nabors' liability under that statute.

Credeur filed a motion for relief from judgment within ten days after judgment. *See* FED. R. CIV. P. 59(b). The original filing was stricken from the record, however, because it did not conform to local filing rules. The corrected motion was filed outside the ten-day window, and is therefore treated as a motion under FED. R. CIV. P. 60. The district court denied the motion. The district court's striking the nonconforming motion was a final action for purposes of FED. R. APP. P. 4(a)(4)(A)(v) and (vi), so that the time to file a notice of appeal began on the date the non-conforming motion was stricken. We have jurisdiction because the notice of appeal was timely filed from that final action.

"This court reviews grants or denials of summary judgment *de novo*, applying the same legal standards as the district court." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). The court views the evidence in the light most favorable to the nonmovant, *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997), but conclusory allegations unsupported by specific facts will not prevent summary judgment, *Doe v. Dallas Indep. Sch. Dist.*,

3

153 F.3d 211, 215 (5th Cir. 1998), *cert. denied*, 531 U.S. 1073 (2001).

Chapter 95 applies to a claim against a property owner, contractor, or subcontractor for personal injuries, when that claim arises from the condition or use of an improvement to real property, where the contractor or subcontractor's employee constructs, repairs, renovates, or modifies the improvement. TEX. CIV. PRAC. & REM. CODE § 95.002. Liability is imposed under Chapter 95 only if: (1) the property owner exercises or retains some control over the manner in which the plaintiff's work is performed; *and* (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury and failed to adequately warn. TEX. CIV. PRAC. & REM. CODE § 95.003; *Francis v. Coastal Oil & Gas Corp.*, 130 S.W.3d 76, 83 (Tex. App. Houston 1 Dist. 2003); *see also Kelly v. LIN Television*, 27 S.W.3d 564, 567 (Tex.App.-Eastland 2000, pet. denied).

For the first time on appeal, Credeur contends Chapter 95 does not apply to his claims against Nabors because it is not a property owner under Chapter 95. "Although on summary judgment the record is reviewed *de novo*, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

4

Credeur also maintains Chapter 95 does not apply because Mr. Credeur's work on the rig for Newpark was not construction, repair, renovation, or modification. Although the district court noted that neither party specified what Mr. Credeur's actual duties entailed, the district court decided that Mr. Credeur's activity fit within this requirement of Chapter 95, because Newpark was hired to filter mud, which was in turn used in drilling. For purposes of § 95.003, Texas courts have found that activity facilitating a well's performance is construction, renovation, or modification. *See* **Francis**, 130 S.W.3d at 85. Mr. Credeur's actions qualify to invoke Chapter 95.

As discussed, for liability under Chapter 95, the property owner must retain some control over the injured party's work and must have actual knowledge of the conditions causing the injury. Credeur contends that TransTexas controlled Mr. Credeur's work when its employee ordered him to change equipment owned by Newpark; directed him to change the type and density of filters used; and scheduled mud-removal from the drill site. Viewing the facts in the requisite light most favorable to Credeur, the district court found Credeur could prove TransTexas had control over Mr. Credeur's actions. We agree.

For TransTexas and Nabors to incur liability under Chapter 95, however, they must *also* have had actual knowledge of the danger or condition resulting in Mr. Credeur's injuries. *See* TEX. CIV. PRAC.

5

& REM. CODE § 95.003(2).  Based on our review of the record, we find no evidence to support such knowledge.  Accordingly, TransTexas and Nabors are protected from liability under Chapter 95.  This statute is the sole basis for liability under these circumstances; therefore, Credeur's common law claims must fail.

*AFFIRMED*